UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>PEDRO VICTOR LEYVA,<br><br>                    Defendant. | Case No.: 17-cr-3079-BTM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**<br><br>**[ECF No. 20]** |

I.    INTRODUCTION

Pending before the Court is Defendant Pedro Leyva's Motion to Dismiss the indictment as duplicitous. A one count indictment charges Defendant with assault on a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b) as follows:

> On or about May 10, 2017 . . . Pedro Victor Leyva knowingly, intentionally, and forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a person designated in Title 18, United States Code, Section 1114, to wit, Department of Homeland Security, United States Border Patrol, Agent H. Safy, while Border Patrol Agent H. Safy was engaged in and on account of the performance of official duties, such

acts involving physical contact with Border Patrol Agent H. Safy.

It is further alleged that, in the commission of such acts, defendant Pedro Victor Leyva inflicted bodily injury on Border Patrol Agent H. Safy.

Defendant moves to dismiss the indictment as duplicitious or, in the alternative, to strike certain language as surplusage. (ECF No. 20). The Government opposes. (ECF No. 26). For the reasons set forth below, the Court denies the Motion to Dismiss.

**II.    DISCUSSION**

An indictment is duplicitous if "a single count joins two or more distinct and separate offenses." *United States v. Ramirez-Martinez*, 273 F.3d 903 (9th Cir. 2001) *overruled on other grounds* by *United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007). "One vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense." *U.S. v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). Another is that the indictment does not provide proper notice of the charges against the defendant, impeding both the formation of a defense and the court's ability to make correct evidentiary rulings early in the case. *See United States v. Gray*, 101 F.Supp. 2d 580, 583 (E.D. Tenn. 2000).

In reviewing an indictment for duplicity, the court "look[s] to the indictment itself to determine whether it may fairly be read to charge but one crime in each count." *United States v. Morse*, 785 F.2d 771, 774 (9th Cir. 1986). Even so, a finding of duplicity is not fatal to an indictment. *Ramirez-Martinez*, 273 F.3d at 915 (quoting *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981)). The deficiency may be cured if "(1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant

actually committed." *Id.*

Defendant asserts that the indictment joins distinct offenses into a single count, and that the indictment is duplicitous on two grounds. First, Defendant contends the indictment is duplicitous because it includes all six verbs of § 111(a) in the conjunctive in one count. (ECF No. 29 at 3-5). Second, Defendant asserts duplicity because the one count indictment premises liability on two different theories of official duty: "on account of" and "while engaged in" performance of official duties. (ECF No. 29 at 6-7). Defendant urges the Court to dismiss the indictment in its entirety, but in the alternative, requests the Court order the government to strike from the indictment the words "resisted, opposed, impeded, intimidated, and interfered with." (ECF No. 20-1 at 5). Other than dismissal, Defendant has no proposed cure with respect to the two theories of official duty. (ECF No. 20-1 at 5). Each theory of duplicity will be addressed in turn.

**1. Section 111(a) Lists Different Ways To Commit Assault.**

Section 111(a) reads, in relevant part, that whoever "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties" shall be imprisoned. Section 111(b) enhances the penalty for anyone who "uses a deadly or dangerous weapon or inflicts bodily injury."

The Government argues "each part of § 111 does not represent a separate crime, but instead, specifies diverse means of satisfying a single element of a crime." (ECF No. 26 at 4). Although § 111 is written in the disjunctive, the Government cites cases showing that the indictment may charge in the conjunctive even if the Government ultimately proves its case in the disjunctive. *See United States v. Ramos*, No. 09cr2959-WQH, 2010 WL 3958732 (S.D. Cal. Oct. 6, 2010) (citing *United States v. Arias*, 253 F.3d 453, 457-58 (9th Cir. 2001)). Because the indictment's language tracks that of § 111, the Government argues it charges Defendant with only one violation of the statute. *See Ramos*,

2010 WL 3958732.

Where a statute merely describes different ways of committing a single crime, it is well established that an indictment may charge in the conjunctive but a defendant may nevertheless be convicted in the disjunctive. *See, e.g.*, *Arias*, 253 F.3d at 457-58; *United States v. Street*, 66 F.3d 969, 974-75 (8th Cir. 1995); *Cunningham v. United States*, 356 F.2d 454, 455-56 (5th Cri. 1966). However, a statute that lists elements of an offense for which there are different facts to be proven and separate penalties associated requires the government to charge and prove each separately. *See Jones v. United States*, 526 U.S. 227 (1999); *Street*, 66 F.3d at 974-75 (distinguishing between statutes "creating several offenses from one which enumerates several ways of committing the same offense"). Thus, the question before the Court is whether the six verbs in § 111(a) are a list of separate offenses or an enumeration of different ways to commit the same crime.

The Court holds that the indictment is not duplicitous because each verb describes a different means of committing the singular crime of assault. In *United States v. Chapman*, the Ninth Circuit held that the only reasonable interpretation of § 111(a) is that "convictions under this statute require at least some form of assault" and without an assault, a charge of "passive resistance" or the other listed conduct is insufficient to convict under the statute. 528 F.3d 1215, 1220-21 (9th Cir. 2008). It logically follows that the list describes different means of committing assault, and cannot reasonably be read as separate offenses. The Second, Fifth, Eighth, and Eleventh Circuits have similarly analyzed § 111(a) indictments and jury instructions for duplicity and determined that the verbs are descriptive and do not constitute separate offenses. *See United States v. McIntosh*, 753 F.3d 388, 393 (2d Cir. 2014) ("We conclude that the different types of conduct proscribed by Section 111(a) . . . are not separate offenses . . . rather, they describe different means of committing a single crime."); *United*

4

*States v. Street*, 66 F.3d 969, 974-75 (8th Cir. 1995) ("Section 111(a)(1) defines a single crime, not multiple offenses."); *United States v. Brooks*, 670 F.2d 148, 153 (11th Cir. 1982) (finding jury instructions in the disjunctive for § 111(a) were not erroneous because the fact that the indictment alleged both impeding and interfering did not render indictment duplicitous) (citing *Cunningham v. United States*, 356 F.2d 454, 455-56 (5th Cir. 1966) ("The fact that the indictment also alleged impeding and interfering neither renders the indictment bad for duplicity nor precludes a conviction if only one of the several allegations linked in the conjunctive in the indictment is proven.").  Moreover, the Bill of Particulars states that Defendant is charged with the crime of assault, further undermining Defendant's argument. (ECF No. 32).  Given the weight of authority and the clarity of the Bill of Particulars, the Court concludes the indictment is not duplicitous and rejects Defendant's request to strike "resisted, opposed, impeded, intimidated, and interfered with" as surplusage.

### 2. The Two Theories of Official Duty Do Not Warrant Dismissal.

Defendant also moved for a Bill of Particulars to clarify whether the government premises liability on an "engaged in" theory of official duty or an "on account of" theory, and states "[i]f the government seeks to rely on multiple theories . . . a further motion may be necessary to address duplicity." (ECF No. 20-1 at 6).  But a further motion for duplicity is unnecessary.  The now submitted Bill of Particulars clarifies that the Government intends to pursue both theories of liability, enabling Defendant to prepare a defense.  (ECF No. 32).  Moreover, that the Government pursues two theories is not fatal to the indictment. *See Ramirez-Martinez*, 273 F.3d at 915.  The statute presents "engaged in" and "account of" as alternative theories of liability for the same crime.  18 U.S.C. § 111(a)(1) (proscribing forcible assault of a federal officer "while engaged in *or* on account of the performance of official duties") (emphasis added).  In addition, any potential deficiency would be cured by an instruction that the jury must

unanimously find beyond a reasonable doubt that the Government has proven all of the elements of assault and *one or both* theories of official duty liability in order to convict Defendant under § 111(a). *Ramirez-Martinez*, 273 F.3d at 915. Thus, the indictment is not duplicitous for setting forth both an "engaged in" and "on account of" theory of liability in one count.

## III. CONCLUSION

The Motion to Dismiss the Indictment for duplicity is denied. (ECF No. 20). IT IS SO ORDERED.

Dated: January 3, 2019

_____
Barry Ted Moskowitz, Chief Judge
United States District Court